### ERIC CHRISTOPHERSON ET ALS.
*vs.*
### J. I. HASS COMPANY, INC.

Superior Court       Hartford County       File No. 63573

MEMORANDUM FILED NOVEMBER 23, 1940.

*Jacob Schwolsky,* of Hartford, for the Plaintiffs.

*William M. Citron,* of Hartford, for the Defendant.

CORNELL, J.   The gist of the complaint is the breach of an agreement on the defendant's part, whereby it engaged to pay each of "the plaintiffs" the difference between $9 and $13.20 per day in event that a certain provision of the Constitution of the Brotherhood of Painters, Decorators and Paperhangers was sustained as legal by the Circuit Court of Appeals 2d Circuit, for the period during which the plaintiffs had worked for the defendant at the time and place mentioned.

Paragraph 4 merely identifies the provision referred to; paragraph 5 states the wage prevailing at the time which is referred to in the constitution. These allegations all constitute a circumstantial account of the facts relied upon by plaintiffs out of which it is asserted a cause of action arose in their behalf against defendant. If it is somewhat more complete than the strict requirements of pleading demand, yet there is nothing in either of these two paragraphs which may harm defendant and no purpose can be served by ordering the subject matter of either of them deleted. Paragraphs "(1)" and "(2)" of the motion are, hence, denied.

As to paragraph 6, it is quite true that the phrase "while it was duty bound and obligated to pay the plaintiffs in accordance with the provision of the Constitution which was binding on the parties involved" states a conclusion of law. While that, in itself, is not necessarily objectionable since the mere assertion of a conclusion of law is not admitted on demurrer and is without effect upon court or jury upon a trial, here it seems to be unconnected with any other allegation of the complaint material to the cause of action relied upon. The phrase quoted is, accordingly, ordered expunged.